Case 23-1770, Darius Rush v. Chris King, Warden. Arguments not to exceed 15 minutes per side. Ms. Wysen, you may proceed for the appellant. Good afternoon, Your Honors. May it please the Court, Assistant Attorney General Marissa Wiesen on behalf of Appellant Chris King. I would like to reserve three minutes for rebuttal. Your Honors, this is a habeas case. Not a criminal conviction on direct review or a retrial of Mr. Rush's conviction from over a decade ago. But that distinction was entirely lost by the District Court. The State requests that this Court reverse the District Court's decision granting habeas relief for two main reasons. First, the District Court not only granted relief on Rush's Edwards v. Arizona claim that was never raised in the State Courts, defying not only the basic principles of federalism, but also comedy. It also went well beyond the scope of its authority on habeas review by considering the evidentiary hearing testimony in its analysis. Second, the Court also failed to apply the multi-layered deference required by Edpil and Strickland on Rush's remaining ineffective assistance of trial counsel claims. Can I ask you a question about what the claims were? It seems like there was a constructive denial claim that is part of the State filings and the federal filing. It's not clear to me that there were standalone Strickland claims. It just seems like they were constructed, I was constructively denied. The State Court, it seems to me, and I suppose the District Court disagreed, evaluated kind of the Strickland claim, evaluated as a Strickland claim and as a constructive denial claim, I think. That's correct. The hearing, though, it seems to me, was done ostensibly on the constructive denial only, or that was the reason for it? That's correct, yeah. And then on appeal, you're arguing, are you conceding that there were standalone Strickland claims, or do you think this is just about constructive denial? I'm just kind of confused about where we are and what's at issue. I can certainly clarify that, Your Honor. Their petitioner raised a standalone constructive denial of counsel claim in the State Courts and in his habeas petition, and the State doesn't dispute that. We also argued in our original answer and throughout the District Court briefing that in the alternative, because he has also cited to some case law that referenced Strickland and that they could be presumably construed, especially as a pro se petitioner, as also raising Strickland claims, we also argued that in the alternative. Do I think the crux of his claim was certainly chronic and the constructive denial of counsel? Absolutely, but in order to provide him with a lenient interpretation, we also interpreted those as arising under Strickland in the alternative, and we would argue that all of those claims fail, not only the constructive denial of counsel, but the ineffective assistance of counsel. I take it then that you would say that the State Courts did evaluate any Strickland claim, put aside the Edwards claim, the other Strickland claims were evaluated on the merits by the State Court, and we would have to give them epidefference. Yes, absolutely, that's our position, Your Honor. And if we turn to those claims, those are the coercion claim that Mr. Rush's uncle Darnell coerced him into his confession, and that there was an improper concession of guilt, and of course the overlaying ineffective assistance of trial counsel claims related to those. Where the District Court erred as far as those claims is that the District Court properly found that the claims were procedurally defaulted. Where it went wrong is finding that there was ineffective assistance of appellate counsel to excuse the default. But even if Mr. Rush could get beyond the default, and this Court looks to the merits of those claims, the District Court entirely ignored the merits adjudication that you reference by the trial court, and that was a clear merits adjudication, and even in denying Mr. Rush's motion for bond, a different panel in this Court explicitly stated that the trial court did adjudicate the ineffective assistance of trial counsel claims on the merits. Because of that, review under Edpaw and Penholster was limited to the state court record. Not only did the District Court expand in its analysis, its consideration of the claims by considering the evidentiary hearing testimony on a different chronic claim, but it never even explained why the District Court's decision wasn't reasonable. In fact, it hardly makes reference to the opinion. So it applied Strickland, but not Edpaw and Harrington v. Richter's deferential ones. Under that proper scope, both of these claims easily fail. If we turn to the concession of guilt claim, there was no deficient performance. This was a reasonable trial strategy, and not only was it reasonable, but it worked. There's no prejudice. Mr. Rush was acquitted of the more serious aspects of these crimes. He was acquitted of armed robbery and carjacking. His sentence is approximately 19 years, and his uncle Darnell, who was convicted of both, received, his minimum sentence is 30 years. So it's very clear here that he received a benefit from the concession of guilt. Turning to the coercion claim, again, this is trial strategy, and it was reasonable. Of course, there's the very clear evidence that Mr. Rush not only signed his Miranda waiver form and the confession and initialed each question and answer, but his allegation that his uncle coerced him into a confession is entirely, it's disingenuous at best, and it's unreliable. Excuse me. It's not until 2019 that Darius Rush ever alleges his uncle coerced him in the interrogation room after Detective Hughes asked the two to talk. He mentions a brief allegation of police coercion in his motion for relief from judgment, but it's not until his 2019 affidavit, his appeal of the motion for relief from judgment, where he explicitly says, my uncle coerced me. He said he was going to be. Can you just repeat which filing was that in? That I'm afraid, for the first time. Yeah, so that's in his 2019 affidavit. That's his appeal of his motion for relief from judgment, page ID 2244-86, and it also appears in the, the affidavit is also attached to his original filing, which is page ID 95. Before that, he had asserted he fell asleep in the interview room, he couldn't read Detective Hughes' handwriting, but. So the strategic decision was just, this isn't a good claim, it's not worth raising? Well, Your Honor, I would say that the strategic, the decision was that there wasn't necessarily a decision. I don't, it doesn't appear from the record that Mr. Rush ever actually informed his trial counsel of these allegations. Our position is also that he came up with them seven years after his trial. So there's no evidence that at the time, counsel even knew that there was a coercion claim that he had. That's correct. And of course, if counsel's not aware of a potential defense or a potential reason to suppress a confession, they can certainly not be faulted for failing to raise it. And I take it that any evidence of this, any evidence that came in relevant to this at the district court hearing was outside, would have been barred by Cullen, right? Absolutely. Because the state court had adjudicated this claim already. That's correct, Your Honor.  So under Ed Plumb. What is the remedy? Okay, let's, there seems, you seem to have a lot of different avenues here and arguments that you're making. I'm curious on the pinholster argument about the scope of the hearing. If a district judge exceeds the permissible scope, what is the remedy? Do you send it, do we, does the appellate court just cut that evidence out and evaluate the claim? Or do we cut the evidence out and send it back and say, do it again this time with only this evidence? What's the, how does that proceed? Well, Your Honor, I would say that this court could do either. The state's position is that it should find that the consideration of the evidentiary hearing testimony was erroneous. These claims fail on the merits under the deferential standard of Ed Plumb Strickland. But I think even if this court were to say, even if we consider the evidentiary hearing testimony, it doesn't even help brush, in our opinion, because what the district court also did is it took the evidentiary hearing testimony and considered that in an isolation without even considering the trial testimony and all of the evidence, really, that was presented at trial. So the video surveillance evidence, the testimony of Mr. Kennedy, one of the co-defendants, which implicated Mr. Rush. So, you know, the court has its choice, but we would argue that the most proper and the most direct path would be to, you know, find that not only was the evidentiary hearing not properly considered, but that the claims fail on the merits and not send it back for a redetermination by the district court. That's on the conceding guilt and the coercion? That's correct. Okay. And on the Edwards claim, I would say the most straightforward path for this court would be to find that the claim is unexhausted and procedurally defaulted, and that default has not been overcome by the ineffective assistance of counsel. If this court were to bypass that, I also think the claim fails on the merits. Again, for somewhat similar reasons, again, the evidentiary hearing testimony should never have come into play here. It- Are you saying that there should never have even been the evidentiary hearing? We did object, we generally object in our answers and our responses to habeas petitions that there should not have been an evidentiary hearing here, but we don't necessarily at this point dispute whether or not the evidentiary hearing on the chronic claim was appropriate. But our point is that the district court not only went beyond the scope of its own order when it said this evidentiary hearing is really limited to the chronic claim, when it got into the Edwards testimony and then the coercion, and then also, excuse me, applied the testimony from the evidentiary hearing to those claims that were not even before the court on the evidentiary hearing, that is the strongest reason for reversal here. And I see that my time is almost up. If there's no other questions, I will be back on rebuttal. Thank you. Good afternoon, your honors. May it please the court. I'd like to begin with answering Judge Nalbandian your question about how was this raised at the state trial court level and whether this is simply just a chronic claim or whether there was a strickland claim with it. And that is answered in the supplemental rule file, five documents that were filed last week or perhaps a week and a half ago at the district court. And that contained the actual, not only the 6,500 post-conviction pro se petition that Mr. Rush filed, but also his request for an evidentiary hearing on that petition. And so if you look at page IDs, 3203 and 3214, that's gonna show you that he did in fact raise it as a chronic claim, but then in the alternative Strickland v. Washington and actually argued it also at Strickland v. Washington. So. In which record? This is in our record now? It is. So it is in the district court record. It is, let me get to, I can't remember what, it's a recent filing.  Why is there stuff still being filed in the district? Well, when, so what happened was, it was actually the state that filed this about a week, week and a half ago. When we were preparing for oral argument, I had asked the state, where is the original 6,500? Because it should have been part of the rule five documents that were filed way back at the beginning of the case. And it was inadvertently omitted by whoever had it at that time. So my colleague was kind enough to make sure that it got into the record so that it could be used by the court to determine this. So, but that concludes those two pages. The district court didn't have it? I don't think the district court did have it. Because, so I'm, I looked through the rule five documentation and it's two or 3000 pages long and there's a lot of redundancy, but these documents aren't in there. And what exactly are these documents? They're very important documents. They're his actual pro se, post convictions filing in the state of Michigan court. And that was before he had counsel? It was before he had counsel. And what exactly are, do they contain? They can, well, they contain the actual claims that he made in his post conviction petition to the state trial state court of Michigan. But there's a document, my recollection is there's a document in the record, a state court document that says he's raising two claims. One is the constructive denial claim. One is the ineffective assistance of appellate counsel. And then there's some discussion in the document that suggests maybe Strickland is also an issue. But do you know what I'm talking about? Yeah, so I believe you're referring to the state trial court decision, which is at page IDs 2252 through 2260. So the court, the trial court does reference that he did this, but his actual filings weren't part of the original record. Okay, so then we get, but we get the state court decision, the last reason decision. Yes. Do you agree that it disposes of a chronic claim, standalone Strickland claims, both of those and ineffective assistance of appellate counsel? So I agree that it resolves some of those issues. So we basically are raising two issues before this court. One is the, I call the confession claim and one is the concession claim, are the two major issues that we've raised before this court. The confession claim, the court did make a factual finding in its decision on that. And that's in 2254 through 2256. As for the concession claim, the. These are not including the Edwards claim, right? Well, the first one I just talked about is the Edwards claim, that's the confession. So that's all wrapped up in his confession. I've got a coercion, the conceding guilt, the coercion and Edwards. I'm viewing it. Yeah, okay, if you're viewing it in three, if you're viewing it in three different things, the confession, the court ruled on on the merits. The concession, the court completely ignored and didn't rule upon. The Edwards, the court completely ignored and didn't rule upon. So out of those three, one was ruled on, adjudicated on the merits. All right, on the conceding guilt part though, it seems to me the state court talks about strategic decisions, contesting certain things, not contesting things. In light of what your client filed, why doesn't that take care of the conceding guilt point? Because the trial, the state trial court's decision on what you're referring to referred to other claims, not the conceding part. The state trial court completely missed and never adjudicated the part on the conceding guilt. What the court was talking about was whether or not people should have been cross-examined, whether or not this evidence should have been raised, different claims that he also raised in his state post-conviction motion. That is a general language to like the language in the prior brief. Because at least my recollection, I don't have it in front of me right now, is that he said counsel, the court said that counsel wasn't ineffective for kind of various other defects that had been raised in a prior brief, kind of as a general. But it was really, it was actually very specific, because I looked at that too, because I thought there was one sentence where you could potentially argue that he talked about it, but he didn't, he carved it out to where it didn't hit the concession issue. Has the prior brief didn't have the concession issue in it? The brief did, yes. He's saying that it's rejecting the claims that trial counsel was effective for the various defects that had been raised in a quote prior brief, wouldn't it, it doesn't include all the claims in the prior brief? No, because if you take a look at the state trial courts, and this is a situation where the state trial court being specific in its decision-making helps us because, as opposed to, I just deny it generally on all grounds, I would have a much more difficult argument there. But this state trial court actually went through ground by ground and said, as to this claim, this, as to this claim, this, and never got to the concession issue. So if you look through every, it's document 18 slash 16, and it's page ID's 2252 through 2260, there's nowhere in that decision where the court not only doesn't discuss the concession claim, but doesn't do a general finding of fact that would cover the concession claim. What about if defense counsel is unable to counter or rebut evidence presented by the prosecution not commenting on that evidence is considered trial strategy? Moreover, so are decisions concerning which witnesses to call, what evidence to present, or the questioning of witnesses are considered part of trial strategy. So conceding guilt on a point is the same thing as not calling a witness on that point, or, I mean, why is that not just subsumed in that? I would respectfully disagree, Your Honor. I think there's a huge difference between not cross-examining a witness and or not calling a witness and conceding guilt in front of a jury and saying, find my guy guilty of this, which is exactly what happened in this case. And he benefited from that, right? It doesn't matter that he benefited from it. The Supreme Court has told us that the sole decision maker on whether or not to plead guilty or whether or not to concede guilt is the defendant, not defense counsel, not ever defense counsel. Is there any evidence in the record about discussions that, I mean, they had or didn't have about this? So the only matters in the record about the discussions were come from the federal evidentiary hearing. Now, we've argued in our brief that I think we get to a win without considering that federal evidentiary hearing testimony. But the evidence in the federal evidentiary hearing is twofold. It's the defendant saying, we never talked about that. And then the second part is defense counsel got up and said, I don't remember anything. And so that's the entirety of the factual evidence to say whether or not there was any discussions with regards to that. But what we do know from the record in setting aside the federal evidentiary hearing is that this defendant was offered a plea, which would have been at or less what he went to trial on and what he was found guilty of. He didn't want that plea. He put that on the record. And then he actually went to trial. And so that brings us to why I discussed the McCoy case in my brief. Because in the McCoy case, they said, if you have a defendant and the evidence is that that defendant is desiring to go to trial and not plead guilty, then obviously it takes it out of the scope of Nixon. And this is the defendant and the defendant's only decision. And that's the way it should be, because that's what Nixon said all the way back in 2004. Does that apply to one component or whatever, as opposed to where are we going to trial or not? I mean, it's a strategic decision within this trial strategy, isn't it? It's not like he's taking a plea and we're done, right? Correct. Do you see what I'm saying? I would agree with you that it is. So the idea of conceding guilt on one count to hopefully get an acquittal on other counts can be and mostly is a strategic decision. I will give you that. But it's not a decision any defense counsel can make, and the Supreme Court's told us that. So regardless of whether it's a strategic decision, and I understand my colleague's argument that he did this so it would blunt these other issues, it wasn't a decision for him to ever make. Nixon tells us that, and McCoy tells us that. And so because it's only within the purview of the defendant, it doesn't matter whether it was strategic or not. And so then that takes away their argument that, well, look at the great deal he got. Look at the acquittals he got. None of that matters. Even if he would have been. Why would that matter for a Strickland prejudice? I mean, it's still a Strickland claim, right? It's a Strickland claim on the appellate level side of it, I guess, first, right? Was the appellate counsel required to raise or should have raised this issue? And so you've got to prove. So and this is the way I look at it. So if we're looking at prejudice under Strickland, it's had trial counsel not conceded guilt, A, what would have happened, right? Or another way of looking at it is, had trial counsel discussed the matter with the defendant, which required to do under Nixon and required to do under McCoy, would defense counsel have then conceded guilt in front of the jury? And the answer to that is obviously no. And so it does change the outcome of the case because it changes the entire trial, not only strategy, but the trial itself because there would have never been that concession. And so that's why even under Strickland, and it's really the simplest way. This court doesn't even have to get into the Edwards issue and whether or not it was preserved or defaulted because the concession of guilt issue is so straightforward and requiring under Nixon and under McCoy to be affirmed by this court that you don't need to get there. But let me, for a brief moment in the time that I have left, at least discuss the Edwards issue. I disagree with my colleague that the concession or the confession issue, the Edwards issue and the confession issue weren't raised until 2019. And I'd like to give you some other page ID sites to tell you, to show you what happened. So this defendant filed a pro se brief in his direct appeal in November of 2013. The page ID is 1159. He raised both the confession, that the confession was involuntary, and yes, he was. So Michigan has this, it's called a rule four pro per brief filing that you can do to try to raise a pro se brief on appeal if you're dissatisfied with what your counsel raised and that's exactly what he did. So this is November the 18th, 2013, page ID number 1159. He actually raises both claims right then. Now I will admit, he doesn't say the word Edwards. That's the one thing he doesn't say, but he does say on several occasions defendants said that he wanted a lawyer and that he did not want to talk to them, parentheses detectives, any longer. He raises that in 2013. He raises it again in a pro se letter to the Court of Appeals in November of 2016. That's on page ID 1929. He raises it again in a pro se Ginter hearing request filed on June of 2017. This is pages IDs 1876 and 1881, and again, makes both of these claims independently. Again, he doesn't say the word Edwards, but that isn't fatal to his claim because it's very clear that he's raising a denial of counsel issue upon request. And this is after he's been Mirandized. Like my colleague said, he'd already had all of his Miranda warnings given. He checked the boxes off on them, and then he asked for counsel, and it was denied. Can you talk about the scope of the hearing real quick? Yes. So if you, well, the order seems to me to go only to the constructive denial, and then we're talking about evidence that goes beyond that. Why is that not an error? So you're talking about the federal evidentiary hearing?  OK, so my first answer, and I see my time's up if I can answer the question. My first answer is that you don't need to pull anything, and the district court didn't need to pull anything from that federal evidentiary hearing to uphold the decision on at least the concession of guilt issue. So it's irrelevant to that claim. But more than that, and this is again, and I'm sorry, but this comes from the recent Rule 5 hearing documents that were filed just a short time ago. The defendant filed his 6500 motion, which is post-conviction motion, but he also filed with it a request for an evidentiary hearing, laying out in very specific terms why an evidentiary hearing was needed, because there was a conflict between what he was saying and what counsel might say, trying to answer the questions that the court asked earlier, which is, what did trial counsel say about whether he talked to them about this? The state trial court didn't hold an evidentiary hearing on any of those claims, and for other reasons. But 2254, I believe it's D, talks about the fact that if you fairly present an evidentiary issue to the state trial court, but with due diligence you can't get it resolved because of not through your own means, and it wasn't through his own means at this point, then a district court may hold an evidentiary hearing. And why that's important is that even with the pinholster case, and it does create an issue here. So the pinholster and then the more recent case that escapes me right now talk about what you can and can't use from a federal evidentiary hearing, and it seems like there's almost nothing that you can use from a federal evidentiary hearing. You're kind of limited to the state court record. But that goes against the direct language of 2254, which completely says that there should be an evidentiary hearing under some circumstances where the record couldn't be developed at the state court level, and that's what we have here. I'm now a couple minutes over my time, but. Sorry, I've got to ask you another question, though. What are we supposed to do with this recent filing? So what is your position? Can we evaluate the case? Do we expand the record on appeal? Do we give it back? I mean, it seems like it's at least important in my mind to what was the trial court resolving in this opinion, in this 18-16. Don't I need to map that on to whatever was actually in front of the state court? And Judge Batchelder asked me that earlier as well. It is a problem, because I don't know. I can't tell you sitting here that Judge Hood at the district court level ever had this document in front of her. Maybe my colleague has the answer to that question, but it certainly wasn't in the record that I had for appeal up until a week, week and a half ago. And so, yeah, so maybe the concern is Judge Hood should take a look at it, but I will tell you, it's only going to support her position and our position. Can I take you back just, I know we've been jumping around a little bit, so I apologize. But can you address, I was going back in this first kind of direct appeal when the state court of appeals remands for resentencing and makes a determination that things are abandoned because there's not enough of the citation or not enough authority or something like that. What do we make of that? Was that then appealed? Are we defaulted now? How do we address that? I know it wasn't appealed. I know it was not appealed, that decision wasn't appealed. Because it went back down for resentencing, then back up again, then back down for resentencing. Did that decision, like on the merits of that claim, that now it wasn't appealed, the process didn't go through, and so it's not a fault? I think it only strengthens our ineffective assistance of appellate counsel issue. Because it shows that, yeah, counsel probably should have raised this, and they didn't. And now we've got this problem where we've got a procedural issue, and that's what gets us beyond ineffective assistance of appellate counsel, can get us beyond a procedural default for exactly that reason. Thank you, your honors. Thank you, your honors. May it please the court. I would first like to start by addressing the supplemental record. And the state sincerely apologizes. It was an oversight and inadvertent mistake in the district court. Once we were alerted to the error by my opposing counsel, we not only sent him the documents, but also filed them as a supplemental rule filing in the district court in an effort to be able to cite the page ID numbers. The state at that juncture didn't see the necessity to expand the record, but we would not be opposed to correction or modification of the record obviously if this court decided to do that, or if opposing counsel sought a motion. We wouldn't necessarily object to that. This court can also take judicial notice of these pleadings under federal rule of evidence 201F without the need to necessarily formally expand or correct the record. There's also a Ninth Circuit case, Smith v. Duncan, that explicitly states this. The state inadvertently had. Do you think, I mean, where do you think this concession of guilt issue was dealt with in the state court? I think it was exactly the pages that you cited. This opinion, the trial court's order is in multiple places. So I'm looking at 2264, but it appears at multiple places in the record. Number one, we have a general outline of all of the ineffective assistance of counsel claims. And I think Judge Nelvandian, you that this was a matter of trial strategy. And the trial court explicitly says here that. Your friend says that it doesn't matter that it's trial strategy, that it's essentially an error not to consult your client when you're going to plead guilty. Which, I mean, McCoy, I mean, there is part of McCoy or all of McCoy that supports that, right? So I think the issue here is that McCoy explicitly says counsel may not concede guilt over an unambiguous objection by the defendant. We do not have any evidence of such an unambiguous objection here. And that's really the definitive factor, in my opinion. We just don't have him saying on the record or at any point any conversations with counsel, well, counsel can't recall. That doesn't mean that he did and counsel went above and beyond his objection. Well, should the state court have had an evidentiary hearing once he raised that issue? No, I think that this is easily resolved on the record before us. And I think the other point I want to point out is that, of course, this helped Mr. Rush. He received a much less significant sentence. And what the evidence that counsel was dealing with, recall, is not just Rush's confession. It had video evidence of Mr. Rush selling the proceeds of the home invasion the day of the robbery at the pawn shop selling the stolen goods. Does that go to strickling prejudice? Like, what do you, this argument about, well, he was benefited anyway. He was super guilty, et cetera, et cetera. Is that a prejudice argument? I think it goes to both. I think it lends itself to why counsel made a strategic decision, because he was pushing up against this other overwhelming evidence. We also have Kennedy's testimony, placing him at the scene of the crime, and then with the stolen goods after. So I think it goes to not only it was a reasonable trial strategy, but also that there's a lack of prejudice. Let me ask you one other question. In the supplemental filing documents, is there actual evidence in there, or is it just briefs and things? So the supplemental evidence is Mr. Rush's motion for relief from judgment originally filed, a motion for Walker hearing, and a motion for evidentiary hearing, I believe. I believe there is an affidavit attached to those, but I don't believe that it's any, it doesn't say anything that, Rush has filed, I think, at least three or four affidavits throughout the process. It doesn't say anything different or new from those. And importantly, the state has never argued that Rush did not exhaust his coercion claim or his improper concession of guilt claim. So those are the claims that he alleges to have raised in his motion for relief from judgment. So the filing of those materials, and while we admit error and apologize for that, is not relevant to where we are now. The Edwards claim, Mr. Rush is never saying he raised it in his motion for relief from judgment. So that's irrelevant to those pleadings. So while the state apologizes for its error, we don't believe that it's dispositive about the issue at this time. Okay. Thank you, counsel. Thank you. Case will be submitted, and the clerk may call the next case.